The STATE of Utah, Plaintiff and Respondent,

v.

Harvey W. DORTON, Defendant and Appellant.

No. 19282.

Supreme Court of Utah.

Feb. 14, 1985.

Nancy Bergeson, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Earl F. Dorius, Roger S. Blaylock, Ted Cannon, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

This is an appeal from a jury conviction for jumping bail[1] in the course of appellant's previous trial for five other felonies. His bail bondsman had him returned from Houston, Texas, about five months after his prior conviction.

Appellant claims error in the summation to the jury when the prosecutor spoke to the bondsman's confrontation with appellant in Houston. Appellant argues that his right to remain silent[2] was violated when the prosecutor stated as follows:

> When [appellant] was arrested he gave no explanation as to what he was doing there, at least that is what [his bondsman] told us, and there is no evidence

---

1. U.C.A., 1953, § 76–8–312.

2. Under the fifth and fourteenth amendments to the United States Constitution.

here today that suggests that he had any legal justification for leaving.

 The statement appears to have been little more than a paraphrasing of the information that was filed or the advice given by the trial judge to the jury as to what the charge was against appellant. Jumping bail entails a concealment of whereabouts or an evasion or failure to explain one's absence. Referring to silence and therefore implying failure to explain is simply a comment on one of the elements necessary to prove absence without good cause or an explanation to justify it. In any event, appellant did not attack the evidence and did not assign insufficiency of the evidence as error. Under the generally accepted rule, any error such as that claimed by appellant here is harmless.[3]

There is nothing to indicate that appellant was coerced or pressured to explain anything or that he claimed refuge by demanding a *Miranda* warning. The confrontation by the bondsman was that of a citizen under a legal contract to assure the presence of his promisor in court at the time and place required. The cases cited by appellant, principally *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), are factually quite different. Those cases stand for the proposition that a public peace officer is charged with the duty to arrest and the duty to administer the *Miranda* warning. In this case, the bondsman had no such duty. The comment as to appellant's silence in the presence of the bondsman has no comparable connotation as it did in the cases cited, particularly because of the material, believable evidence pointing to guilt.

We find no reversible error in the record. The verdict and sentence of the lower court are affirmed.

HOWE, Justice (concurring in the result):

I concur in the result, but not in the reasoning employed in the opinion of the Court. I place my concurrence on the ground that the prosecutor's comment was

error, but I do not find it to have been prejudicial. The trial court promptly admonished the jury to disregard the comment, and he called their attention to his instruction to them that they should draw no adverse inference from the defendant's failure to testify.

As to other matters discussed in the per curiam opinion, I express no opinion since I deem it unnecessary to do so.

DURHAM, J., concurs in the concurring opinion of HOWE, J.

---

3. The latest of our pronouncements appears in *State v. Fisher*, Utah, 680 P.2d 35 (1984).